NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0137n.06

Case No. 14-3537

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Feb 19, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| VIJAY KUMAR GOSWAMI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| ERIC HOLDER, JR., Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____/ | ) | |

**Before: MERRITT and WHITE, Circuit Judges; HOOD, District Judge.**[*]

**MERRITT, Circuit Judge.** In this immigration case, petitioner Vijay Kumar Goswami seeks review of a decision of the Board of Immigration Appeals dismissing his appeal from a denial of withholding of removal and relief under the Convention Against Torture. Petitioner argues that, given his caste and career prospects, deportation to India renders him vulnerable to retaliatory violence from members of India's Muslim minority who might someday target him in retribution for interreligious violence by members of India's Hindu majority. The question before us is whether the record compels the conclusion that it is "more likely than not" that he

_____

[*] The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

will be subject to persecution or torture in India. For the reasons that follow, we deny the petition for review.

**I.**

Following commencement of removal proceedings, Goswami applied for asylum, withholding of removal, and relief under the Convention Against Torture, rooting his concerns about persecution and torture in his belief that he would be unable to secure work outside Hindu temples and his concerns about sporadic cycles of interreligious violence that target temple attendants. Like more than 80 percent of India's 1.15 billion inhabitants, Goswami is a Hindu. He testified that he is also a member of a subset of the Brahmin caste with strong links to Hindu religious institutions. According to Goswami, members of his caste (the Goswami caste) traditionally serve as either temple attendants or teachers. However, he believes insufficient academic credentials would prevent him from pursuing a career as a teacher in India and force him to become a temple attendant—a position he would not otherwise choose. Goswami also cited occasions when Muslims have attacked Hindu temple attendants in retaliation for violence directed at members of India's Muslim minority by members of its Hindu majority, suggesting that a career as a temple attendant was not only subjectively unappealing to him but also objectively dangerous.

The Immigration Judge who first reviewed Goswami's applications found him to be generally credible, except with regard to his education and employment prospects outside of temple service. The Immigration Judge dismissed Goswami's application for asylum as being untimely and unexcused. He considered evidence of "instances of communal violence or violence along religious lines" as well Goswami's recollection of "his whole family hiding in a very small room for a couple of days" to avoid interreligious conflict in 1985. The Immigration

Judge concluded that the record did not demonstrate a likelihood either that Goswami's life or freedom would be threatened on the basis of caste or faith or that he would be subject to torture. Goswami appealed the decisions regarding withholding of deportation and relief under the Convention to the Board of Immigration Appeals. Finding no reversible error, the Board dismissed the appeal.

**II.**

We review immigration decisions for substantial evidence, reversing only if the record would compel any reasonable adjudicator to reach a contrary conclusion. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992); *Ndrecaj v. Mukasey*, 522 F.3d 667, 672–73 (6th Cir. 2008).

**A. <u>Withholding of Removal</u>**

An otherwise removable alien may petition for withholding of removal by showing a clear probability that, following the pending removal, the alien's "life or freedom would be threatened" on a protected ground. 8 U.S.C. § 1231(b)(3)(A) (2012); *Zoarab v. Mukasey*, 524 F.3d 777, 782 (6th Cir. 2008). A "clear probability" means that "it is more likely than not that the alien would be subject to persecution." *INS v. Stevic*, 467 U.S. 407, 424, 429–30 (1984). If the fear of persecution comes from non-government actors, as here, petitioners must show that the government is unable or unwilling to protect them. *Khalili v. Holder*, 557 F.3d 429, 436 (6th Cir. 2009). A determination regarding eligibility for withholding of removal is conclusive if supported by substantial evidence on the record considered as a whole. *Elias–Zacarias*, 502 U.S. at 481.

Notwithstanding Goswami's subjective dissatisfaction with the lifestyle of a temple attendant and the objective but small chance that religious vocation would make him a target of possible religious violence, the record as a whole does not show a compelling threat to

Goswami's life or freedom. Indeed, the record indicates that members of Goswami's family currently engage safely in temple service and other occupations. While the record demonstrates frightening examples of interreligious violence in India, nothing suggests that this violence is common or particularly likely to recur in a way that would threaten Goswami following his return to India. Moreover, Goswami did not demonstrate that his government was unwilling or unable to protect him from violence.

### B. Convention Against Torture

To qualify for protection under the Convention Against Torture, a petitioner bears the burden of showing that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2014). To state a prima facie case for relief, petitioners must show that they will be subject to "severe pain or suffering, whether physical or mental . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id.* § 1208.18(a)(1).

As outlined above, we recognize that the record contains evidence of isolated incidents of interreligious violence. We cannot conclude, however, that the record compels a finding that Goswami is likely to be a victim of such violence. Neither does the record demonstrate that India's public officials would sanction or ignore the violence on which Goswami's claims depend. We conclude that substantial evidence supports the prior findings that Goswami is not likely to face torture by or at the acquiescence of Indian public officials.

For the foregoing reasons, the petition for review is denied.